UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM T. LEMMON, SR.,                    )    CASE NO.
Co-Administrator of the Estate of
William R. Lemmon, Deceased                      JUDGE
c/o Gerald R. Walton & Assoc.
6060 Rockside Woods Blvd. N
Independence, Ohio 44131


       vs.                                **PLAINTIFF'S COMPLAINT**

CITY OF AKRON, OHIO                         ***[Jury Demand Endorsed Hereon]***
c/o Law Director, Eve Belfance
161 S. High Street, Suite 202
Akron, OH 44308

       and

JAMES NICE, Chief  of Akron Police,
       In His Official Capacity,
217 S. High Street
Akron, OH 44308

       and

BRIAN S. ARMSTEAD (#1154)
c/o James Nice, Chief of Police
217 S. High Street
Akron, OH 44308

       Defendants

Plaintiff, William T. Lemmon, Sr., the duly appointed co-fiduciary of the Estate of William R. Lemmon, deceased, for his Complaint against the above-named Defendants, states and avers:

## NATURE OF THE ACTION

1.      This is a civil rights action stemming from an incident that occurred in the City of Akron, Summit County, Ohio, in the early afternoon of September 25, 2015, in which William R. Lemmon, an unarmed man, was subjected to unlawful and unreasonable seizure and excessive, unreasonable and deadly force by an Akron police officer, Brian Armstead (Badge # 1154), during the brief course of his warrantless seizure. As a direct and proximate result of the actions of the Defendant Brian Armstead, William R. Lemmon was deprived of his civil and constitutionally guaranteed rights by being assaulted, battered and unnecessarily shot to death with deliberate and reckless indifference toward his life, liberty and well-being. Plaintiff, William T. Lemmon, Sr., Co-Administrator of the Estate of William R. Lemmon, seeks compensatory and punitive damages, as well as reasonable attorney fees and the costs of this litigation.

2.      Plaintiff William T. Lemmon, Sr., asserts claims under 42 U.S.C. § 1983 for violations of William Lemmon's rights to be free from unreasonable seizure and excessive force under the protection of the Fourth and/or Fourteenth Amendments to the United States Constitution.  Plaintiff asserts Section 1983 claims against the City of Akron and James Nice, Chief of the City of Akron Division of Police, in his Official Capacity, for failure to properly train and/or supervise law enforcement, for promulgating customs, policies, and/or practices, which proximately caused the violation of William Lemmon's federal constitutional rights, and

for ratifying the unconstitutional conduct of its officer, Brian Armstead. Plaintiff also asserts claims for assault, battery and wrongful death.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.     Pendant jurisdiction over state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

5.     The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

7.     Plaintiff William T. Lemmon, Sr., is and has always been a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio. William T. Lemmon, Sr., is the duly appointed co-fiduciary of the Estate of William R. Lemmon, Deceased.

8.     Prior to his death, William R. Lemmon was at all times a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

9.     Defendant Brian S. Armstead, hereinafter "Defendant Armstead" (Badge # 1154) is, and was at all times relevant, a law enforcement officer employed by the City of Akron, Ohio

who was acting under color of law within the course and scope and in furtherance of his employment with the City of Akron and the Akron Police Department. Defendant Armstead is a "person" under 42 U.S.C. § 1983. Defendant Armstead is being sued in his individual capacity.

10.     Defendant City of Akron, Ohio is, and was at all relevant times, a political subdivision and unit of local government duly organized under the laws of the State of Ohio, located and residing in the Northern District of Ohio, Eastern Division, and acting under the color of law. Defendant City of Akron, Ohio is a "person" under 42 U.S.C. § 1983.

11.     Defendant James Nice, "Defendant Chief Nice" was, at all times relevant, the Chief of Police for the City of Akron, Ohio, a political subdivision and unit of local government duly organized under the laws of the State of Ohio, with the ability to sue and be sued, located and residing in the Northern District of Ohio, Eastern Division. Defendant Chief Nice was, at all times relevant, responsible for the administration, operation, training, and supervision of law enforcement officers and personnel of the City of Akron Division of Police and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto, acting under color of law. Defendant Chief Nice is a "person" under 42 U.S.C. § 1983. Defendant Chief Nice is being sued in his Official Capacity.

## STATEMENT OF FACTS

12.     William R. Lemmon, hereinafter referred to as "Bill", was shot and killed on September 25, 2015 by Defendant Brian S. Armstead, a police officer employed by Defendant City of Akron. Bill was 21 years old and unarmed at that time.

13.     At approximately 1:09 p.m. on September 25, 2015, Bill was confronted by four Akron police officers who surrounded him in a semi-circle after he came to a stop while riding

4

bicycle behind several commercial businesses, including B.G. Bree's Nightclub, in a parking lot in Akron.

14.     At this point, Bill had been seized, as a reasonable person would no longer feel that he was free to leave.

15.     Bill posed no imminent or immediate threat to anyone at this time.

16.     Bill had not been observed by any law enforcement officer to have been engaging in any criminal behavior, although he partially fit the description of a suspect in a robbery of a store in the vicinity a short time before being confronted by the Akron police officers.

17.     Akron Police Officer Dawn C. Forney (Badge # 1081), hereinafter "Officer Forney", was the first officer to arrive on the scene.  She was driving a Ford SUV City of Akron vehicle, Car # 10. Upon arriving at the scene, Officer Forney exited her vehicle, drew her service weapon and took protective cover behind the open door of her vehicle.

18.     Akron Police Officer Brian S. Armstead (Badge # 1054), hereinafter "Defendant Armstead", was the second officer to arrive on the scene.  He was driving a Ford Crown Victoria City of Akron vehicle, Car # 12. Upon arriving at the scene, Defendant Armstead exited his vehicle, drew his service weapon and opted not to take protective cover behind his vehicle.

19.     Akron Police Officer Raffaele O. Spano, Jr. (Badge # 1255), hereinafter "Officer Spano", was the third officer to arrive on the scene.  He was driving a Ford SUV City of Akron vehicle, Car # 21. Upon arriving at the scene, Officer Spano exited his vehicle, drew his service weapon and opted not to take protective cover behind his vehicle.

20.     Akron Police Officer Robert E. Patrick, Jr. (Badge # 1291), hereinafter "Officer Patrick", was the fourth officer to arrive on the scene.  He was driving a Ford Crown Victoria

City of Akron vehicle, Car # 11A. Upon arriving at the scene, Officer Patrick exited his vehicle, drew his service weapon and opted not to take protective cover behind his vehicle.

21.     As Bill was straddling his bicycle, the four Akron police officers, who were positioned in a semi-circle at a distance of ten (10) to twenty (20) feet from him, shouted multiple and varied orders at him to raise his hands, show his hands or take his hands out of his waist band, to which Bill defiantly replied multiple expletives and said that he hadn't done anything, that he wasn't going anywhere and that the officers would have to shoot him.

22.     While still straddling his bicycle, Bill put his right hand half way into the waist band of the blue jeans which he was wearing. As other officers were shouting orders at Bill,, Defendant Armstead twice screamed at Bill, "show your hands or I'll light you up".

23.     Officer Patrick holstered his service weapon and drew his Taser. As Bill, stepped off of his bicycle and allowed it to drop, Officer Patrick discharged his Taser which struck Bill, causing him to lurch.

24.     Approximately one second after the "pop" of the Taser, Defendant Armstead fired at least four rounds of lethal ammunition point blank into Bill's torso, one of which struck him in the heart causing a mortal wound.

25.     Bill fell to the ground, almost immediately, chest down with his hands underneath him. Bill attempted to lift his head and shoulders and his back was arched, as if he was trying to get up but was unable to do so. Defendant Armstead and other officers approached Bill and Defendant Armstead assisted in getting Bill's hands out from underneath him.

26.     After Bill was then handcuffed, Defendant Armstead walked away, apparently more concerned about contaminating the crime scene than rendering lifesaving care to Bill, who was in the process of dying. Another officer on the scene unsuccessfully attempted CPR. Six and

a half minutes after the shooting, Medics arrived on the scene and transported Bill to City Hospital.

27.     The entire episode from the arrival of Officer Forney to the shooting by Defendant Armstead lasted no more than one minute and twenty three seconds, during which time none of the four Akron police officers in close proximity to Bill saw him brandish any weapon at all.

28.     At the time of the confrontation between the four Akron police officers and Bill, it was broad daylight and there were no obstructions of the direct vision between Defendant Armstead and Bill's right hand which had not been removed from the waist band of his blue jeans before Defendant Armstead fatally shot him.

29.     William R. "Bill" Lemmon was pronounced dead at 1:34 p.m. that same day.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Against Defendant Armstead for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

31.     At the aforementioned time and place, Defendant Armstead, acting under color of law and within the course and scope of his employment as a law enforcement officer with the City of Akron, Ohio used unnecessary, unreasonable, outrageous, and excessive force on William R. "Bill" Lemmon, in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

32.     Defendant Armstead's use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

33.     Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated William R. ("Bill") Lemmon's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or his clearly established Fourteenth Amendment liberty interest in bodily integrity protected by the substantive component of the due process clause and that the activity engaged in "shocks the conscience."

34.     Defendant Armstead callously and recklessly disregarded William R. ("Bill") Lemmon's federally protected rights.

35.     As a direct and proximate result of Defendant Armstead's use of force in violation of William R. ("Bill") Lemmon's clearly established Fourth and/or Fourteenth Amendment rights, William R. ("Bill") Lemmon was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, and death.

**WHEREFORE,** Plaintiff William T. Lemmon, Sr., prays for judgment against Defendant Armstead for:

a.     Compensatory damages in an amount that will fully and fairly compensate the Estate of William R. Lemmon for the injury, damage, and loss suffered by William R. Lemmon;

b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.     All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendant Armstead for Unlawful/Unreasonable Seizure in Violation of the Fourth Amendment)**

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

37.     At the aforementioned times and place, Defendant Armstead, acting under color of law and within the course and scope and in furtherance of his employment as a law enforcement officer with the City of Akron, Ohio, and Chief Nice, seized William R. ("Bill") Lemmon without permission, consent or warrant in such a manner as to violate William R. "Bill" Lemmon's clearly established rights guaranteed by the Fourth Amendment.

38.     Defendant Armstead unlawful and unreasonable seizure constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

39.     Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the seizure described herein violated William R. "Bill" Lemmon's clearly established Fourth Amendment right to be free from unreasonable and unlawful seizures.

40.     As a direct and proximate result of Defendant Armstead's seizure in violation of William R. "Bill" Lemmon's Fourth Amendment rights, William R. "Bill" Lemmon was forced to endure and suffer extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff William T. Lemmon, Sr., prays for judgment against Defendant Armstead for:

a.     Compensatory damages in an amount that will fully and fairly compensate them for the Estate of William R. Lemmon the injury, damage, and loss suffered by William R. Lemmon;

9

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief which the Court deems appropriate.

**THIRD CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 Against Defendants City of Akron, Ohio and Chief Nice, in his Official Capacity, for Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourth and/or Fourteenth Amendment)**

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

42. Plaintiff is informed and believes and alleges thereon that Defendant Armstead and/or several other City of Akron law enforcement officers have a history of violating citizens' constitutional rights, making unreasonable searches and seizures, and using excessive force, about which Defendants Chief Nice and City of Akron, Ohio, were aware at all times relevant.

43. On information and belief, Defendant Chief Nice failed to adequately and properly train and/or supervise Defendant Armstead and other City of Akron Police Officers on the usually recurring circumstances likely to be faced by City of Akron law enforcement, including responding to radio dispatch calls, uses of force, and encountering individuals with mental conditions.

44. On information and belief, Defendants Chief Nice and City of Akron, Ohio, implemented customs and policies for training and supervision of City of Akron police officers on searches, seizures, and uses of force that, on their face, violate the Fourth Amendment. Alternatively, on information and belief, Defendants Chief Nice and City of Akron, Ohio, implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting or visiting the City of Akron,

Ohio or otherwise within the jurisdictional limits of the City of Akron Division of Police, including Plaintiff's Decedent William R. Lemmon.

45.     As a direct and proximate result of Defendants Chief Nice and City of Akron, Ohio's customs, policies, and practices described herein, which violate the Fourth and/or Fourteenth Amendments on their face, or otherwise are applied in a manner such that Fourth and/or Fourteenth Amendment violations are likely to and do occur, William R. Lemmon was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, and death.

**WHEREFORE,** Plaintiff William T. Lemmon, Sr., prays for judgment against Defendants Chief Nice, in his Official Capacity, and City of Akron, Ohio, jointly and severally, for:

a.     Compensatory damages in an amount that will fully and fairly compensate the Estate of William R. Lemmon for the injury, damage, and loss suffered by William R. Lemmon;

b.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c.     All such other relief which the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants City of Akron and Chief Nice, in his Official Capacity, for Customs and Policies Causing Constitutional Violations - *Ratification*)**

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

47.     Defendants City of Akron and/or Chief Nice, each of whom had final policymaking authority, ratified the conduct of Defendant Armstead described herein and/or otherwise failed to properly investigate or punish said conduct.

48.     Defendants City of Akron and/or Chief Nice' ratification referenced in the preceding paragraph constitutes an official policy of Defendant City of Akron and/or Chief Nice.

49.     Defendants City of Akron and/or Chief Nice' ratification and/or failure to investigate or punish as described herein renders them liable to the Estate of Plaintiff's Decedent, William R. Lemmon, for the constitutional violations alleged herein in accordance with *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) and its progeny.

**WHEREFORE,** Plaintiff prays for judgment against Defendants City of Akron and/or Chief Nice, jointly and severally, for:

a.     Compensatory damages in an amount that will fully and fairly compensate the Estate of William R. Lemmon, for the injury, damage, and loss suffered by William R. Lemmon;

b.     Costs of suit and reasonable attorneys' fees; and

c.     All such other relief which the Court deems appropriate.

### FIFTH CLAIM FOR RELIEF
**(Assault and Battery Against Defendant Armstead, City of Akron, Ohio, and Chief Nice, in his Official Capacity)**

50.     Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

51.     On September 25, 2015, Defendant Armstead threatened bodily harm against William R. Lemmon which caused him to be in fear of imminent peril and death.

52.     On September 25, 2015, Defendant Armstead had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure William R. Lemmon.

53.     At all times relevant, Defendant Armstead was acting within the course, scope, and in furtherance of his employment with Defendants Nice, in his Official Capacity, and the

City of Akron, Ohio, rendering Defendants Chief Nice, in his Official Capacity, and City of Akron, Ohio, vicariously liable for their conduct.

54.     Defendant Armstead assaulted and battered William R. Lemmon with malicious purpose, in bad faith, or in a reckless or wanton manner.

55.     As a direct and proximate result of being assaulted and battered by Defendant Armstead, William R. Lemmon was forced to endure and suffer extreme physical, mental, and emotional pain and suffering and his death.

**WHEREFORE,** Plaintiff William T. Lemmon, Sr. prays for judgment against Defendants Armstead, City of Akron, Ohio, and Chief  Nice, in his Official Capacity, jointly and severally, for:

a.      Compensatory damages in an amount that will fully and fairly compensate the Estate of William R. Lemmon for the injury, damage, and loss suffered by William R. Lemmon;

b.      Punitive damages against Defendant Armstead in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.      Costs of suit and reasonable attorneys' fees; and

d.      All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### SIXTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress Against Defendants Armstead, City of Akron, Ohio, and Chief Nice, in his Official Capacity)**

56.     Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

57.     Defendant Armstead either intended to cause emotional distress or knew or should have known that his actions would result in serious emotional distress to Plaintiff's Decedent William R. Lemmon.

13

58.     Defendant Armstead's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

59.     As a direct and proximate result of Defendant Armstead's actions, William R. Lemmon suffered psychic injury prior to his death. Tthe mental anguish suffered by William R. Lemmon was serious and of a nature that no reasonable person could be expected to endure.

60.     Defendant Armstead was acting within the course, scope, and in furtherance of his employment with Defendants City of Akron, Ohio, and Chief Nice, in his Official Capacity.

**WHEREFORE,** Plaintiff William T. Lemmon prays for judgment against Defendants Armstead, City of Akron, Ohio, and Chief Nice, in his Official Capacity, jointly and severally, for:

a.  Compensatory damages in an amount that will fully and fairly compensate the Estate of William R. Lemmon for the injury, damage, and loss suffered by William R. Lemmon;

b.  Punitive damages against Defendant Armstead in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.  Costs of suit and reasonable attorneys' fees; and

d.  All such other relief which the Court deems appropriate.

### SEVENTH CLAIM FOR RELIEF
#### (Wrongful Death)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

62.     As a direct and proximate result of all of the Defendants' conduct described herein, individually and/or collectively, Plaintiff's Decedent, William R. Lemmon, suffered his untimely and wrongful death.

63.    As a direct and proximate result of his wrongful death, the next of kin of Plaintiff's Decedent, William R. Lemmon, have and will forever suffer those injuries and damages set forth in Ohio's wrongful death statutes.

**WHEREFORE,** Plaintiff William T. Lemmons prays for judgment against Defendants, jointly and severally, for:

a.    Compensatory damages in an amount that will fully and fairly compensate William R. Lemmon's next-of-kin for their injuries, damages, and loss;

b.    All reasonable funeral and burial expenses;

c.    Costs of suit and reasonable attorneys' fees; and

d.    All other damages recoverable under Ohio's wrongful death statutes, including all such other relief which the Court deems appropriate.

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL CLAIMS FOR RELIEF.

September 23, 2016

s/ Gerald R. Walton
Gerald R. Walton (Ohio Bar No. 0003914)
GERALD R. WALTON & ASSOC.
6060 Rockside Woods Blvd. N
Spectrum Bldg., Ste. 200
Independence, OH  44131
(216) 573-0633
(216) 573-0608 (FAX)
*grwalton49@aol.com*
Counsel for Plaintiff William T. Lemmon, Sr., On Behalf of the Estate of William R. Lemmon, Deceased