# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. LEMMON, SR., | ) | CASE NO. 5:16cv2356 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court on the motion of plaintiff William Lemmon, Sr. ("plaintiff") for a thirty (30) day extension of the time to submit expert reports. (Doc. No. 20 ["Mot."].) Defendants City of Akron, James Nice, and Brian Armstead (collectively "defendants") oppose the motion. (Doc. No. 21 ["Opp'n"].) For the following reasons, and for the reasons set forth in defendants' response, plaintiff's motion is denied.

This civil rights action, filed on September 23, 2016, stems from the fatal shooting of William R. Lemmon (the "decedent") by Akron police officer Brian Armstead. (Doc. No. 1 (Complaint ["Compl."]) ¶ 1.) Plaintiff, the administrator of the estate of the decedent, brings this action under 42 U.S.C. § 1983, alleging that defendants deprived the decedent of his right to be free from unreasonable seizure and excessive force under the Fourth and/or Fourteenth Amendments to the United States Constitution. (*Id*. ¶ 2.)

On February 15, 2017, the Court conducted a telephonic case management conference, at which time it set dates and deadlines to govern this case. (Minutes, dated 2/15/17; Doc. No. 13 (Case Management Plan and Trial Order ["CMPTO"]).) Pursuant to the CMPTO, and relevant to the present motion, the deadline for completing non-expert discovery was October 20, 2017, and the deadline for the party with the burden of proof to identify any expert witnesses and provide expert reports was November 13, 2017. (CMPTO at 79-80.)

On November 1, 2017, twelve days after the deadline for non-expert discovery had passed, and twelve days before plaintiff was required to identify expert witnesses and prove any reports, the Court conducted a telephonic status conference. During the conference, counsel reported that the case was "moving along in accordance with the Court's [CMPTO]." (Minutes, dated 11/01/17.) Counsel for plaintiff did not indicate that he believed that he would need additional time in order to identify experts or provide expert reports.

On November 15, 2017, two days after the deadline for identifying his expert witnesses had passed, plaintiff filed the present motion for an extension. In support of his motion, plaintiff represents that his lead counsel had arranged a meeting with defense counsel to take place on November 9, 2017, but that his counsel had to cancel the meeting because counsel is "being treated for, and will be undergoing surgery for a medical problem in the very near future." (Mot. at 109.) He claims that counsel did meet on November 14, 2017, and that, based on a "free ranging discussion of the case and the parties' positions" at this meeting, "[p]laintiff's counsel will likely need to retain an expert as to the need for, proper deployment of, and use of deadly force in suspect apprehension situations. The [p]laintiff will likely retain the services of an economist for the purposes of proof of damages and has discussed the probable identify of same

with [d]efendants' counsel." (*Id.* at 109-110.) Plaintiff now seeks a thirty day extension of the expert witness deadline.

Defendants oppose any extension, noting that "it should come as no surprise" to plaintiff that expert testimony may be required in this case, inasmuch as "experts are commonplace in a 42 U.S.C. § 1983 excessive force, officer-involved-shooting wrongful death case." (Opp'n at 112-13.) They further note that the "likely need" for such experts should have been apparent from the outset of the case, or at the very latest, during the non-expert discovery phase. (*Id.* at 113.) Defendants also note that counsel discussed a number of topics at the November 14, 2017 meeting (previously scheduled for November 9, 2017), and had the meeting been "critical in determining a need for expert witnesses, [p]laintiff's counsel should have requested the meeting long before the expert deadline date." (*Id.*)

Rule 16 of the Federal Rules of Civil Procedure "permits district courts to amend the pretrial scheduling order provided that the movant demonstrates 'good cause.'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (affirming trial court's denial of plaintiff's motion to extend expert discovery deadlines for want of good cause) (quoting Fed. R. Civ. P. 16(b)(4)). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Smith*, 595 F. Appx. at 478 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2001) (quotation marks and further citation omitted)).

The Court finds that plaintiff has failed to demonstrate that he exercised diligence in attempting to meet the Court's dates and deadlines in the CMPTO. The Court agrees with

3

defendants that it should have been apparent to plaintiff at the outset of the litigation, if not by the end of non-expert discovery, that expert testimony on use of force and economic damages in an excessive force/police shooting case may be necessary or appropriate.[1] *See generally King v. Taylor*, 944 F. Supp. 2d 548, 554-55 (E.D. Ky. 2013) (collecting Sixth Circuit, and district court, cases permitting expert testimony on police officers' use of excessive force in subduing an arrestee). Moreover, while the Court is sympathetic to plaintiff's counsel's medical issues, even if the meeting between counsel had gone forward on November 9, 2014 as original scheduled, it is unlikely that plaintiff would have been able to secure and submit an expert report on excessive force in the four days before his expert deadline passed.[2] Further, the Court finds that, at this stage in the litigation, plaintiff's requested extension would clearly prejudice defendants. Under the terms of the Court's CMPTO, the deadline for filing dispositive motions is January 29, 2018, and a thirty day extension of plaintiff's expert discovery deadline will have the cascading effect of jeopardizing all of the Court's remaining dates and deadlines, up through and including dispositive motion practice and trial.

Ultimately, the Court finds that plaintiff has failed to demonstrate good cause to warrant an extension of his expert discovery deadline. The Court has both the right and the obligation to manage the cases on its docket in a timely and effective manner, and the Court cannot justify

---

[1] Defendants underscore the fact that plaintiff did not conduct any formal non-expert discovery. The need for expert testimony certainly would have been apparent had plaintiff propounded interrogatories, document requests, requests for admissions, or taken any depositions. Having failed to avail himself of fact discovery, plaintiff cannot now claim that, despite due diligence, he was unaware that he would require expert discovery. In fairness, it is possible that plaintiff did not conduct any formal discovery because, as his counsel indicated in the record telephonic status conference, counsel had obtained a complete copy of the Akron Police Department's investigation file through a pre-litigation public records request. A review of the documents contained in the investigation file, however, should also have alerted plaintiff to the possible need for expert discovery.

[2] Plaintiff does not suggest that his attorney's undisclosed medical condition prevented counsel from meeting prior to November 9, 2017.

delaying the disposition of this case based upon plaintiff's dilatory conduct and vague references to counsel's medical issues. Accordingly, plaintiff's untimely motion for an extension of the expert discovery deadline is denied.

    **IT IS SO ORDERED**.


Dated: November 30, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**